In re Larry J. ALEXANDER and John J. Alexander and Norma L. Alexander, Debtors.

Phillip D. ARMSTRONG, Trustee of Estate of Larry J. Alexander, Plaintiff,

v.

UNITED STATES of America, acting through the Farmers Home Administration, Defendant.

Phillip D. ARMSTRONG, Trustee of Estate of John J. Alexander and Norma L. Alexander, Plaintiff,

v.

UNITED STATES of America, acting through the Farmers Home Administration, Defendant.

Bankruptcy Nos. 82–05138, 82–05153. Adv. Nos. 82–7294, 82–7295.

United States Bankruptcy Court, D. North Dakota.

Jan. 10, 1984.

Phillip D. Armstrong, Minot, N.D., for plaintiff.

Jerome C. Kettleson, Bismarck, N.D., for defendants.

## MEMORANDUM DECISION AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Phillip D. Armstrong, Trustee of the estates of Larry Alexander and John and Norma Alexander, requests that his interest in various of the Debtors' personal property be found superior to that of the Defendant, Farmers Home Administration. The Debtors filed petitions for relief under Chapter 7 of the Bankruptcy Code and were discharged in their bankruptcy proceedings on January 10, 1983. This matter came on for hearing before the Honorable Harold O. Bullis on February 9, 1983, at Minot, North Dakota. The parties have consented to this Court rendering its decision on the basis of the record in this matter. After a review of the entire record of pleadings and proceedings, this Court finds the following:

John Alexander testified at the hearing held February 9, 1983, that he had refinanced his farming operation in 1978 through the Farmers Home Administration. The Farmers Home Administration required, however, that John Alexander execute a partnership agreement with his son, Larry, before it would enter into the refinancing arrangement. Although the partnership agreement was drawn up by the Farmers Home Administration and signed at its request, John Alexander testified that he and his son actually maintained

separate farming operations. Each of the Alexanders had his own machinery, had his own seed, paid his own operating expenses, and filed his own tax returns.

The Farmers Home Administration filed a financing statement with the Register of Deed's office in Benson County, North Dakota, on February 6, 1979. The Debtors named in the financing statement were listed, as follows:

| ALEXANDER DEBTOR(S) FARMS | SECURED PARTY | For Filing Officer |
|---|---|---|
| John J. Alexander<br>Norma L. Alexander *(Name)*<br>Larry J. Alexander *(Name)* | UNITED STATES OF AMERICA<br>acting through<br>FARMERS HOME ADMINISTRATION | File No: 251129<br>Date: 2/6/79<br>Time: 3:15 PM |
| Leeds, North Dakota 58346 *(Mailing Address)* | Box 207, Minnewaukan, N. D. *(County Office Address)* 58351 | Filing Officer: RJF, pd3.00 |

The financing statement indicated that the Farmers Home Administration was claiming the following property as collateral for their loans:

Livestock, supplies, inventory, farm and other equipment and other farm products except growing and unharvested crops.

Armstrong contends that the financing statement filed by the Farmers Home Administration does not meet the requirements of NDCC § 41–09–41(1) and therefore is ineffective to perfect a security interest in the Debtors' property.

Section 41–09–41(1) of the North Dakota Century Code provides, in part:

A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor, and contains a statement indicating the types, or describing the items, of collateral.

Section 41–09–41 of the North Dakota Century Code codified section 9–402 of the Uniform Commercial Code. The North Dakota Supreme Court indicated in *Benson County Cooperative Credit Union v. Central Livestock Association, Inc.*, 300 N.W.2d 236, 240 (N.D.1980), that section 41–09–41 establishes a system of notice filing. The Eighth Circuit Court of Appeals, in a case involving the Minnesota statute codifying UCC § 9–402, stated that "a financing statement covers the collateral in question if it merely makes it reasonable for a subsequent creditor interested in the collateral to make further inquiries." *Thorp Commercial Corp. v. Northgate Industries, Inc.*, 654 F.2d 1245, 1252 (8th Cir.1981). A financing statement, therefore, must reasonably notify a creditor of prior interests in the Debtors' property.

In this instance, the financing statement filed by the Farmers Home Administration is sufficient to perfect a security agreement in machinery owned separately by the two Debtors, John and Larry Alexander. Although the financing statement was indexed under the name Alexander Farms, the Court believes it reasonable that a creditor interested in the property of John and Larry Alexander within the largely rural county of Benson County, North Dakota, would examine all financing statements filed under the name Alexander. Further, the collateral listed in the financing statement of the Farmers Home Administration is not specified in overly broad terms. The term "farm and other equipment" is a reasonable notification that there may be a security interest claimed by FHA in the Debtors' farm machinery.

For the reasons stated,

IT IS ORDERED that the financing statement of the Farmers Home Administration is sufficient notice to perfect any security interest it may claim in the property of the Debtors.